UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| DENNIS HINES, | ) | Case No.: 3:08 CV 2916 |
| Petitioner | ) ) | |
| v. | ) | JUDGE SOLOMON OLIVER, JR. |
| TIM BRUNSMAN, Warden, | ) ) | |
| Respondent | ) ) | ORDER |

On December 12, 2008, Petitioner Dennis Hines ("Petitioner" or "Hines") filed a Petition for Writ of Habeas Corpus ("Petition," ECF No. 1), pursuant to 28 U.S.C. § 2254, challenging the constitutionality of his state court conviction. The court referred the case to Magistrate Judge Nancy A. Vecchiarelli ("Magistrate Judge Vecchiarelli") for preparation of a Report and Recommendation ("R&R"). Magistrate Judge Vecchiarelli recommends that the court dismiss the Petition. For the following reasons, the court adopts the R&R as its own and dismisses Hines' Petition.

## I. BACKGROUND

Hines was part of a criminal investigation, in which police used confidential informant, James Stone ("Stone"), to make three controlled buys from Hines and his purported co-conspirator, Gene Klinger ("Klinger"). After these buys occurred, investigators obtained a warrant to search Hines' home, where they recovered drugs, digital scales, two loaded firearms, and cash, which included some of the police's marked buy money. Hines was indicted on five counts, including two counts of trafficking crack

cocaine, one count of trafficking powder cocaine, one count of possession of powder cocaine, and one count of having weapons while under disability. He pled not guilty to the charges and moved to suppress the items found in his home, claiming that the officers lacked a valid search warrant and that the officers violated the knock and announce rule prior to entering his residence. The trial court denied this request. The case then proceeded to trial, where a jury found Hines guilty on all counts. On June 1, 2004, he was sentenced to a total of fifteen years and five months in prison, which included sentences on certain counts to be served consecutively.

Hines timely appealed his conviction, asserting two assignments of error regarding the trial court's sentence. The state appellate court affirmed the judgment, and Hines then appealed to the Ohio Supreme Court, which reversed the appellate court and remanded the case for resentencing in light of *State v. Foster*, 845 N.E.2d 470 (Ohio 2006). While his direct appeal was pending, Hines filed an application to reopen his appeal, claiming that there were various constitutional issues related to his investigation and trial that his appellate counsel failed to raise on direct appeal that would have been successful on the merits. The appellate court denied reopening his appeal, finding "the 'proposed' assignments of error raised by appellant fail to show any genuine issue as to whether appellant was deprived of the effective assistance of counsel on appeal." (Court of Appeals of the Third Appellate Judicial District of Ohio, March 22, 2006 Journal Entry at 1, ECF No. 12-3, Ex. 21.) He again appealed to the Ohio Supreme Court, who dismissed the appeal as not involving any substantial constitutional question.

On remand for resentencing in light of *Foster*, the trial court issued an identical sentence. Hines timely appealed this decision, arguing that the application of *Foster* violated his constitutional rights of due process and equal protection. The appellate court rejected these arguments, affirmed the sentence,

and on June 27, 2007, issued a judgment entry in the case. On July 26, 2007, Hines placed a notice of appeal to the Ohio Supreme Court in the prison's mailbox. The Ohio Supreme Court Clerk of Courts, however, received the notice of appeal on August 10, 2007, one day after the 45-day filing deadline to appeal had elapsed. The notice of appeal was not docketed, and on October 15, 2007, Hines filed a motion for delayed appeal. This motion was denied on December 12, 2007, and on December 5, 2008, Hines placed his federal habeas petition in the prison's mail system, which was docketed ten days later.

In Hines' Petition, he asserts the following grounds for relief:

> **GROUND ONE**: "6th and 14th Amendment violation of right to have jury find verdict beyond reasonable doubt under Due Process and Equal Protection Clauses."
>
> **Supporting Facts:** "Where jury did not make a specific finding of the amount of controlled substance, and where factors to enhance conviction and sentence beyond statutory maximum were not provided in indictment as fair notice of the charges and thereby submitted to the jury and proven beyond a reasonable doubt, the imposition of convictions and elevated sentences resulting from illegal findings by trial court was in violation of the Sixth and Fourteen Amendments of the Constitution."
>
> **GROUND TWO**: "Violation of due process under 4th, 5th, 6th and 14th Amendments, as a result of fatal search warrant absent probable cause."
>
> **Supporting Facts:** "The search warrant issue was based upon constitutionally inadequate affidavit product of innuendo and compound hearsay as opposed to personal knowledge of police affiant. The evidence adduced at suppression hearing showed knock and announce requirement was violated and that the police failed to obtain a warrant as an exception to the rule. The trial court committed an abuse of discretion in denying motion to suppress based upon pretextual excuse of arresting officers."
>
> **GROUND THREE**: "5th and 14th Amendments violation of right to jury of peers under the Due Process and Equal Protection Clauses and Batson."
>
> **Supporting Facts**: "After the trial court dismissed one of two black jurors, the prosecutor then used a peremptory challenge to remove the

> only other prospective black juror, without having given a race neutral explanation."
> **GROUND FOUR**: "6th and 14th Amendments violation of affective (sic) assistance of trial and appellate counsel."
>
> **Supporting Facts:** "Trial counsel failed to raise objection to systematic exclusion of black jurors, to move to exclude evidence of prior conviction submitted to jury, to object to improper jury instructions, and to object to verdict in violation of fair notice rule. Appellate counsel failed to raise substantial federal and state constitutional issues on direct appeal as of right, including Batson claim, prosecutor misconduct, 4th Amend. Violation, and 6th Amend. Confrontation Clause violation, etc."
>
> **GROUND FIVE:** "6th and 14th Amendments violation of right to due process and equal protection that denied fair trial as a result of prosecutor misconduct."
>
> **Supporting Facts**: "The state prosecutor, during opening arguments, misstated the evidence by informing the jury that the police 'were watching the entire drug deal every time' (Tr.34), when the prosecutor actually had full and prior knowledge that the informant and the actual drug dealer had obtained the drugs completely outside of any surveillance or observation of any police officer. Further, in closing arguments, the prosecutor denigrated defense counsel, improperly vouched for the credibility of state witnesses, ridiculed petitioner, and argued facts not in evidence."
>
> **GROUND SIX:** "6th and 14th Amendments violation of right to confront witness under Confrontation Clause."
>
> **Supporting Facts:** "The prosecutor repeatedly elicited testimony recounting out-of-court statements attributed to a police informant whose own testimony was not presented. The police informant was the only individual against whom any actual evidence was adduced to demonstrate involvement in the drug transaction that formed the basis of the criminal charges in this case, and which purported to allege petitioner's involvement."

Respondent Tim Brunsman ("Respondent" or "Warden"), in response to this Petition, filed a Return of Writ and Motion to Dismiss (ECF No.12). Respondent first argues that Hines' Petition is time-barred as it was filed beyond the one-year statute of limitations. He also contends that the grounds that

he has asserted are procedurally defaulted as they were not presented in his direct appeal. He lastly contends that, to the extent that Hines' Petition does not fail based on these procedural bars, they otherwise fail on the merits.

## II. REPORT AND RECOMMENDATION

On October 27, 2009, Magistrate Judge Vecchiarelli issued an R&R recommending that Hines' Petition be dismissed. She initially found that his Petition was time-barred, but also stated that in the alternative, the Petition should otherwise be denied because Grounds Two through Six were procedurally defaulted, and the remaining grounds failed on the merits.

### A. Statute of Limitations

Magistrate Judge Vecchiarelli first addressed Respondent's argument that the instant Petition is time-barred based on the one-year statute of limitations articulated in 28 U.S.C. § 2244(d)(1). She noted that the statute of limitations began to run when Hines' second direct appeal became final, which is a time that the parties dispute. Hines had filed the second direct appeal with the state appellate court and when that was denied, with the Ohio Supreme Court. Although he put his notice of appeal to the Ohio Supreme Court in the prison mail system prior to the expiration of the deadline to appeal, this notice did not reach the court in a timely manner. As a result, the Ohio Supreme Court, who has expressly rejected the rule that a *pro se* prisoner's appeal is considered filed when submitted to the prison mail system, declined docketing the appeal. (R&R at 13, citing *Vroman v. Brigano*, 346 F.3d 598, 604 (6th Cir. 2003)).[1] Therefore, pursuant to 28 U.S.C. § 2244(d)(1)(A), she concluded that his judgment became final on the date in which this notice was due, August 9, 2007, as it marked the conclusion of his second direct

---

[1] Magistrate Judge Vecchiarelli also noted that it is not the role of federal courts to review state procedural laws. (R&R at 14, citing *Vroman*, 346 F.3d at 603.)

appeal. The statute of limitations for his habeas petition began running one day later, or on August 10, 2007.

She calculated that the tolling period began to run for sixty-seven (67) days until October 15, 2007, when Hines filed a motion for delayed appeal. This period started again one day after the Ohio Supreme Court denied this motion, which was on December 13, 2007. She next determined that this period ran for an additional 359 days until Hines signed the instant habeas Petition and placed it in the prison mail system, on December 5, 2008. She concluded that a total of 426 days expired before the filing of his Petition, which is well-beyond the 365-day limit. She also rejected that Hines had demonstrated that he was entitled to equitable tolling, as his excuse of not understanding the calculation requirements did not excuse his delay. (R&R at 15, citing *Allen v. Yukins*, 366 F.3d 396, 403 (6th Cir. 2004) (quoting *Rose v. Dole*, 945 F.2d 1331, 1335 (6th Cir. 19991)). Accordingly, Magistrate Judge Vecchiarelli recommended that the court dismiss the Petition as untimely.

### B. Procedural Default

Although she concluded that the Petition is time-barred, Magistrate Judge Vecchiarelli nonetheless addressed each of the grounds raised in the Petition, and Respondent's contention that they were procedurally defaulted or otherwise failed on the merits. In addressing procedural default, she concluded that Grounds One (constitutional violations regarding application of *Foster*), Two (unconstitutional search and seizure), Three (*Batson* challenge), Five (prosecutorial misconduct), and Six (Confrontation Clause violation) were not fairly presented to the state courts. She also found that part of Ground Four (ineffective assistance of trial and appellate counsel) was also procedurally defaulted. She noted that these grounds were "raised only as underlying claims in support of Hines' ineffective assistance of appellate counsel claim presented in an . . . application to reopen." (R&R at 19.) She found

that based on Sixth Circuit case law, raising these issues under a claim of ineffective assistance of appellate counsel did not avoid procedural default because to be fairly presented, the claims must be presented to the federal court under the same theory it was presented to the state court. (R&R at 20, citing *Caver v. Straub,* 349 F.3d 340, 346 (6th Cir. 2003); *Wong v. Money*, 142 F.3d 313, 322 (6th Cir. 1998); *Williams v. Bagley*, 380 F.3d 932, 969 (6th Cir. 2004)). Therefore, she concluded that nearly all of the grounds raised were procedurally defaulted except for part of Ground Four relating to ineffective assistance of appellate counsel, which was fairly presented to the state courts. While Magistrate Judge Vecchiarelli also found that Ground One was procedurally defaulted, as it was not presented to the Ohio Supreme Court, she found that he had established cause and prejudice to excuse the default.

### C. Merits

Having concluded that only part of Ground Four and Ground One overcame this procedural hurdle, Magistrate Judge Vecchiarelli found that these claims fail on the merits. With regard to Ground One, in which Hines claims his constitutional rights were violated by the retroactive application of *Foster* to his sentencing, she noted that various courts have rejected identical arguments. Additionally, she found that his ineffective assistance of appellate counsel claim was meritless. Hines argues that he had ineffective assistance of appellate counsel because counsel failed to raise the following arguments: (1) a *Batson* challenge, (2) a Fourth Amendment violation regarding the warrant used to search his home and the officer's purported failure to knock and announce themselves upon entering his residence; (3) prosecutorial misconduct; and (4) a Confrontation Clause violation. Magistrate Judge Vecchiarelli found that none of these arguments would have been successful, and therefore, Hines' ineffective assistance of appellate counsel argument also failed.

### III. OBJECTIONS AND ANALYSIS

Hines thereafter filed an Objection to the R&R, arguing that Magistrate Judge Vecchiarelli committed various errors in finding that his Petition should be dismissed. Hines, however, failed to assert a specific objection with regard to the R&R's findings that the case is time-barred. After *de novo* review of the R&R, the court finds that this conclusion is fully supported by the record and controlling case law. Accordingly, the court dismisses Hines' Petition as untimely.

While the court finds that the Petition is subject to dismissal on this basis alone, the court also notes that Hines failed to object to the R&R's alternate finding that nearly all of the grounds he raised were procedurally defaulted. Instead, he objected to the following conclusions with regard to Grounds One and Four: (1) that there was no constitutional violation in the retroactive application of *Foster*; (2) that he did not set forth a *prima facie Batson* challenge; (3) that the search warrant used in this case was supported by probable cause; (4) that the officers did not violate the knock and announce rule; (5) that his rights under the Confrontation Clause were not violated; and (6) that there was no evidence to support a finding of prosecutorial misconduct. Even though the court dismisses this Petition as time-barred, the court will nonetheless briefly address Hines' objections, which the court also finds to be without merit.

### A. Retroactive Application of *Foster*

Hines maintains that his constitutional rights were violated by the retroactive application of *Foster* to his case on remand. In his Objection, he again claims that this application violated his due process and equal protection rights without raising any new, pertinent case law to support this argument. As the R&R made clear, his due process rights were not violated as *Foster* did not criminalize new conduct retroactively applied to his case or increase the maximum penalty he was facing. (R&R at 28.) Additionally, he failed to assert a valid Equal Protection claim because *Foster* did not burden a fundamental right or target a suspect class. (R&R at 32.) The court agrees that the applicable case law

supports the R&R's conclusion that Hines' constitutional rights were not violated by the retroactive application of *Foster* to his case on remand.

### B. *Batson* Challenge

Hines next contends that Magistrate Judge Vecchiarelli erred in concluding that he failed to set forth a *prima facie* showing of purposeful discrimination under *Batson*. He points out that the court struck one black prospective juror for cause after that person requested to be excused and that the government used a peremptory challenge to strike the only other black juror. He contends that while his counsel did not object, the trial court had a duty to elicit an explanation from the prosecutor regarding why that person was stricken. The court agrees with Magistrate Judge Vecchiarelli that these allegations, accepted as true, fail to give rise to a *prima facie* showing of purposeful discrimination on the part of the prosecutor. Hines cannot simply rely on the fact that a black juror was removed; instead, as the R&R makes clear, he must raise an inference that this prospective juror was excluded based on race. (R&R at 34-35, citing *United States v. Watford*, 468 F.3d 891, 911-12(6th Cir. 2006)). Hines has failed to provide any such inference. The court, therefore, rejects this objection as well.

### C. Valid Search Warrant

In the R&R, Magistrate Judge Vecchiarelli concluded that Hines failed to put forth facts or citations to the record supporting his argument that the search warrant affidavit did not suggest probable cause. Hines, in his Objection, claims that "the police affidavit . . .[contained no] more than innuendo based upon compound hearsay[.] [N]either informant (1) or (2) ever mentioned the petitioner Dennis Hines in any criminal activities and none of which was within the personal knowledge of the police officer affiant." (Objection at 13, ECF No. 24.) Despite this contention, the affidavit contains information that both informants engaged in controlled buys with other individuals who were observed

-9-

by investigators meeting with Hines, on one occasion in his home, before delivering drugs to the informants. (Search Warrant Aff. at ¶ 10, 13-15, ECF No. 12-5, Ex. 41.) The affidavit also contained statements upholding the reliability of these informants. (Search Warrant Aff. at ¶ 16.) These statements sufficiently establish a connection between Hines and these criminal activities. Accordingly, the court rejects Hines' argument that the affidavit was insufficient to establish probable cause.

### D. Knock and Announce Rule

Hines objects to Magistrate Judge Vecchiarelli's finding that the officers did not violate the "knock and announce" rule prior to executing the search warrant. In the R&R, she noted that the officers did not knock and announce themselves before entering because, as one officer testified, he thought that he observed a movement from the window of the home while officers were approaching the residence. He testified that he was afraid that a person inside had observed them approaching, and that he was then fearful for the safety of the other officers and for the integrity of the evidence therein. Hines, in his Objection, contends that this purported observation was insufficient to excuse the knock and announce rule. However, as the R&R notes, officers are permitted to enter without knocking where they have "reasonable suspicion that knocking and announcing their presence, under the particular circumstances would be dangerous or futile or that it would inhibit the effective investigation of the crime by . . . allowing the destruction of evidence." (R&R at 37, citing *Wilson v. Arksansas,* 514 U.S. 927 (1995)). Therefore, this officer's testimony supported their decision not to knock and announce before entering Hines' home.

Hines also argues that it could have been a ceiling fan or air conditioner that caused the movement, as the officer who made the observation admitted that he did not actually see a person at the window. Regardless of this fact, the officer did, however, testify that it was an obvious movement of the

curtain, which lasted a second or two, indicating that it was not just a slight movement in the curtain possibly caused by a fan or air conditioner. Furthermore, the issue of whether it was actually a person who moved the curtain is irrelevant; instead, the primary inquiry is whether the officer had reasonable suspicion that knocking and announcing would be dangerous or futile. There is no evidence currently before this court indicating that his suspicion was unreasonable. The court, therefore, rejects this objection as well.

### E. Confrontation Clause

Hines also raises a Confrontation Clause argument in his Petition, contending that Stone, one of the informants, testified to out-of-court statements made by Klinger, a purported "middle man" in one of Hines' drug deals. The R&R concluded that any out-of-court statement by Klinger fell under the hearsay exception found in Ohio Rule of Evidence 801(D)(2)(e), regarding statements of co-conspirators. Hines maintains that the Magistrate Judge's conclusion was erroneous because this Rule requires the state to prove the existence of the conspiracy and that the statement was made during and in furtherance of the conspiracy. Hines contends that it was never established at trial that Klinger was a co-conspirator or that the statements attributed to Klinger were made in furtherance of that conspiracy. However, as Magistrate Judge Vecchiarelli correctly determined, the evidence at trial demonstrated that Klinger acted as the go-between for Hines' drug deals, sufficiently establishing a conspiracy between Hines and Klinger. (R&R at 43.) Additionally, Klinger's statements to Stone identified Hines as the contact for the drug deals, which was a statement made during and in furtherance of this conspiracy. Accordingly, the court rejects that the R&R is erroneous in this regard.

### F. Prosecutorial Misconduct

Lastly, Hines mentions the R&R's finding regarding prosecutorial misconduct but fails to articulate a particular objection to this finding. In the court's review of the R&R, Magistrate Judge Vecchiarelli properly concluded that the record does not support a finding of prosecutorial misconduct.

## IV. CONCLUSION

For the foregoing reasons, the court dismisses Hines' Petition as time-barred. In the alternative, the court finds that the grounds raised in the Petition are either procedurally defaulted or otherwise fail on the merits. The court, therefore, adopts as its own Magistrate Judge Vecchiarelli's Report and Recommendation (ECF No. 22) in full.

IT IS SO ORDERED.

/S/ SOLOMON OLIVER, JR.
UNITED STATES DISTRICT JUDGE

February 26, 2010